Eleanor J. Mullen Spolidoro v. Commissioner.
Spolidoro v. Commissioner
Docket No. 26648.
United States Tax Court
1951 Tax Ct. Memo LEXIS 366; 10 T.C.M. (CCH) 20; T.C.M. (RIA) 51007; January 9, 1951
Eleanor J. M. Spolidoro, pro se. Joseph Landis, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner of Internal Revenue has determined a deficiency in income tax for the year 1946 in the amount of $285. The petitioner claimed that she had three dependents in 1946, her mother, a minor sister, and a minor brother, and she claimed three credits against her own net income for their support. The Commissioner disallowed the three credits because of lack of evidence, and determined a tax deficiency. From his determination, the petitioner has appealed to this Court, and has presented evidence in support of her claim. *367 The petitioner filed her return for 1946 with the collector at Boston, Massachusetts. Findings of Fact The petitioner was unmarried in 1946 and resided in the home of her mother, Mrs. Mary Mullen. Francis Mullen, petitioner's brother, was 14 years old in 1946; and Rosemary Mullen was 16 years old. The petitioner claimed dependency credits for her mother, Francis Mullen, and Rosemary Mullen. The respondent denied all of the credits. The family of petitioner's mother, who was a widow in 1946, consisted of five adult children - Raymond, Dorothy, Ruth, Theresa, and the petitioner, in addition to the two above-named minor children. The four adult daughters and the two minor children lived in the home of their mother during all of 1946, and Raymond lived at home during the last seven months of 1946. Raymond was in the service of the United States Army during the first five months of 1946. Mrs. Mary Mullen and her two minor children had no income during 1946. Each of the five adult children, including the petitioner, was employed and earned income during 1946. Raymond was unemployed during about four months. All of the adult children paid their mother for their room and board. Raymond's *368 family allowance amounted to $395 for the five months he was away from home and in the Army, and Mrs. Mullen received all of his family allowance. His contributions to the household expenses during three months when he was employed and lived at home were for his room and board during the seven months he lived at home. The gross and estimated net amount above room and board of each of the four adult daughters contributed by them to family expenses during 1946 were as follows: Gross
Net
Petitioner
$1,360 $920
Dorothy
624
184
Ruth
624
184
Theresa
624
184 The net contribution of Raymond to family expenses above the cost of his room and board was $395, at the most. The expenses during 1946 of the two minor children for food and clothing, exclusive of any charge to them for rent, was $500, each. The living expenses, medical expenses, rent charge, insurance, church, and other expenses of Mrs. Mullen, the mother, were about $900 during 1946. The petitioner is the only adult child of Mrs. Mullen who claims credit for dependents in the family, i.e., for the mother and the two minor children. The respondent does not contend that the contributions of the *369 five adult children to family expenses during 1946 constituted "income" to Mrs. Mullen, the mother. Mrs. Mary Mullen, Rosemary Mullen, and Francis Mullen had income of less than $500, each, during 1946. Ultimate Findings of Fact: The petitioner contributed more than one-half of the cost of support of both Rosemary and Francis Mullen during 1946. Mrs. Mary Mullen received more than half of her support from her four adult children - Raymond, Dorothy, Ruth, and Theresa. Opinion The question to be decided arises under section 25 (b) (1) and (3) of the Internal Revenue Code. The provisions of section 25 (b) (1) and (3), as they applied to the year 1946, allowed a credit against the income of a taxpayer of $500 for each dependent, if the dependent's gross annual income was less than $500, and if the dependent person received over one-half of his or her support from the taxpayer. The petitioner claims that she contributed more than one-half of the cost of the support of three persons, and that each one had less than $500 income in 1946. The persons who are claimed as dependents by the petitioner are her mother, Rosemary Mullen, and Francis Mullen, a minor sister *370 and a minor brother. Three credits of $500, each, are claimed for dependents. The respondent concedes that each of the persons in question had less than $500 income during 1946. The evidence consists of the sworn testimony of the petitioner and of her mother. Each was cross-examined by respondent's counsel. Upon all of the evidence adduced upon the trial of this cause, it has been found as a fact that the petitioner contributed more than half of the cost of the support of her minor sister and minor brother, named above. Since Rosemary and Francis Mullen, each, had income during 1946 of less than $500, they were dependents of the petitioner within the definition of dependents set forth in section 25 (b) of the Code. It is held that the petitioner is entitled to receive two credits of $500, each, against her income for 1946. The Court, in making the ultimate findings of fact that the petitioner contributed more than half of the costs of the support of both Rosemary and Francis Mullen, has considered the gross and the net amounts of the respective contributions which each of the five adult children - petitioner, Raymond, Dorothy, Ruth, and Theresa - gave to their mother during 1946. *371 Each one was paying for his or her own room and board, and after taking the cost thereof into account, there remained a net amount which each of the five adult children contributed towards the expenses of the mother and the two minor children. During five months, Raymond was in the Army and was not living at home. His mother received $395 from him during this period. Mrs. Mary Mullen, the mother, received from her three adult daughters, excluding the petitioner, a net amount above the estimated cost of their room and board, which when added to the contributions of Raymond, aggregated about $947. Mrs. Mullen's living expenses, other expenses, and her share of rent amounted to about $900. The food and clothing expenses of each minor child was $500 for the year. A fair and reasonable allocation of the net contribution of each of the five adult children to the expenses of the mother and the two minor children has been made by the Court among the mother and the two minor children. The petitioner is the only one of the five adult children who claims to have contributed more than one-half of the support of the two minor children. Under the evidence in this proceeding it is both fair and *372 reasonable to conclude that the mother received her chief support from the contributions of Raymond and three of her adult daughters, excepting the petitioner. It follows from this allocation that the petitioner contributed more than one-half of the support of each minor child - Rosemary and Francis - and is entitled to receive two dependents' credits for them. Decision will be entered under Rule 50.